1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IGNACIO LEMUS,                              Case No.  1:24-cv-00050-JLT-HBK

12               Plaintiff,                       SCREENING ORDER FINDING
                                                  COMPLAINT FAILS TO STATE A CLAIM
13          v.                                    AND DIRECTING PLAINTIFF TO FILE AN
                                                  AMENDED COMPLAINT, STAND ON
14   VISALIA POLICE DEPARTMENT, and               COMPLAINT, OR FILE VOLUNTARY
     DOES 1-3,                                    DISMISSAL[1]
15
                 Defendants.                      (Doc. No. 1)
16
                                                  TWENTY-ONE DAY DEADLINE
17

18          This matter is before the Court for screening.  *See* 28 U.S.C. § 1915(e)(2).  Plaintiff,

19   Ignacio Lemus, is proceeding pro se and *in forma pauperis* in this action under 42 U.S.C. § 1983,

20   alleging various constitutional violations.  (Doc. No. 1, "Complaint").  Upon review, the Court

21   finds the Complaint fails to state any claim.  The Court affords Plaintiff the option to file an

22   amended complaint or voluntarily dismiss his Complaint before recommending the district court

23   dismiss this action.

24                              **SCREENING REQUIREMENT**

25          A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights,

26   privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1  by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. §

2  1983; *see also Monell v. Dep't of Social Servs*., 436 U.S. 658, 690-95 (1978). Because Plaintiff is

3  proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines,

4  *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is

5  immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii). However, a complaint should not be

6  dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

7  his or her claim that would entitle him or her to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117

8  (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). Dismissal for failure to state a claim in this context

9  is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).

10  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain

11  sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*,

12  556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts

13  to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At

14  this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp.*

15  *Tr.*, 425 U.S. 738, 740 (1976). The court does not accept as true allegations that are merely

16  conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v.*

17  *Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556

18  U.S. at 678.

19       Because Plaintiff is pro se, the Court liberally construes the pleading in the light most

20  favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A.*

21  *County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other

22  facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

23  action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

24  *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to

25  advise a litigant on how to cure the defects. Such advice "would undermine district judges' role

26  as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

27  at 1131 n.13.

28  ////

1

**SUMMARY OF THE COMPLAINT**

As Defendants, the Complaint names: Visalia Police Department, and Does #1, Doe #2 and Doe #3.  (Doc. No. 1 at 2).  The Complaint claims federal question jurisdiction based upon alleged violation of Plaintiff's 1st, 4th, 6th and 9th Amendments rights stemming from events that occurred on October 6, 2022.  (*Id*. at 3-4).  Due to its brevity, the Court recites the facts acts giving rise to Plaintiff claim in full.

> Visalia Police Department and said agents alleged drug charges, drug possessions, driving without a license, all allegations were fraud with no evidence to support.  Made arrest without Miranda rights and called CPS to gain custody of my daughter with fraudulent accusations.  Officers fails to show for trial admitting to my attorney on record that they would not be present do to the wrongs they had committed.

(*Id*. at 5, unedited text except original text in capitalization).  As relief, Plaintiff seeks $1,000,000,000 for "mental and emotional harm and duress. Wrongful Arrest. Character Defamation.  Deprivation of Property. Loss of Daughter's Custody.  Loss of Wages. Trauma." (*Id*.).

**APPLICABLE LAW AND ANALYSIS**

Liberally construed, the Complaint attempts to allege various claims stemming from Plaintiff's false arrest on or about October 6, 2022.

**No Causal Connection as to Doe Defendants**

The Complaint sues Does 1-3.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted).  While "situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint," *Id.*, a plaintiff must plead sufficient factual detail to allow the court to reasonably infer that each defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Here, Plaintiff fails to do so.

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); P*ark v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  Section

3

1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012). Here, the Complaint is devoid of any factual allegations explaining how any of the Doe Defendant caused the deprivation of Plaintiff's constitutional rights other than implying that his arrest was false. If Plaintiff chooses to file an amended complaint, he must provide sufficient facts to discern what each Doe Defendant did or failed to do and sufficient facts to identify each Doe Defendant.

**No Facts to Support False Arrest Claim**

The Fourth Amendment to the United States Constitution confers the right to protection from arrest without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). To state a claim for false arrest under § 1983, a plaintiff must show that he was arrested without probable cause or other justification. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause exists if, at the time of the arrest, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime. *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)). Plaintiff's statements that the none of the officers appeared for court because of "the wrongs they had committed" is too vague for this Court to infer that officers did not have probable cause to arrest Plaintiff at an earlier point in time. If Plaintiff chooses to file an amended complaint, he must provide sufficient facts that gives rise to a plausible claim that given the totality of the circumstances known to each named defendant at that time to infer they acted unreasonably in arresting him.

**No Miranda Claim Available**

The Complaint makes a passing reference to *Miranda* in its statement of facts. A cause of action alleging a Fifth Amendment violation predicated upon officer's failure to question a person

in custody without first providing *Miranda* warnings, [2] is not a cognizable action under § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003) (Justice Thomas, joined by the Chief Justice and Justices O'Connor and Scalia) ("Chavez's failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action"); *Id*. at 789 (Justice Kennedy, joined by Justice Stevens) ("[F]ailure to give a *Miranda* warning does not, without more, establish a completed violation when the unwarned interrogation ensures."). Thus, Plaintiff cannot advance a § 1983 claim based on an alleged *Miranda* violation.

### Interference With Child Custody

"Parents and children have a well-elaborated constitutional right to live together without governmental interference.... That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). While a parent has a "fundamental liberty interest" in companionship with his or her child, for the government's removal of a child "[t]o amount to a violation of substantive due process, ... the harmful conduct must 'shock [ ] the conscience' or 'offend the community's sense of fair play and decency.' " *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952)). Th Complaint falls far short of providing facts to support this showing.

### No Showing of Custom or Policy

Plaintiff names Visalia Police Department as a defendant. Municipalities and police departments "may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Jessen v. Cnty. of Fresno*, 808 F. App'x 432, 434–35 (9th Cir. 2020) (citing *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The Complaint here contains no such allegations to state a claim against the Visalia Police

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1    Department.

2    **Defamation Claim Barred Under State Law**

3    Under California law, the elements of defamation are: (1) a publication that is (2) false,

4    (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special

5    damage. *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App. 4th 962, 970 (2011).

6    Plaintiff's state claim for defamation is barred by California Government Code section 821.6,

7    which provides immunity to a public employee "for injury caused by his instituting or

8    prosecuting any judicial or administrative proceeding within the scope of his employment, even if

9    he acts maliciously and without probable cause." Cal. Gov't Code § 821.6; *see Amylou R. v. Cty.*

10   *of Riverside*, 28 Cal. App. 4th 1205, 1210 (1994). Thus, Plaintiff cannot recover for his state law

11   defamation claim.

12   **OPTIONS**

13   To continue the prosecution of this action, Plaintiff must take one of the following three

14   options within twenty-one days from the date of this Order. **First Option**: Because the Court

15   cannot determine that the filing of an amended complaint cannot cure the deficiencies identified

16   above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses.

17   An amended complaint supersedes (replaces) the original complaint and, thus, the amended

18   complaint must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner &*

19   *Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Non-

20   Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "First

21   Amended Complaint." For each cause of action and each defendant, Plaintiff must allege facts

22   sufficient to show that the defendant violated his civil rights. ***Plaintiff may not amend the***

23   ***complaint to add unrelated claims***. **Second Option**: Plaintiff may file a Notice stating he

24   intends to stand on his current Complaint subject to the undersigned recommending the district

25   court dismiss for the reasons stated in this Order. **Third Option**: Because no defendant has yet

26   been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal

27   Rule of Civil Procedure 41(a)(1).

28   Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.* fails to perform

any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1.      Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2.      If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3.      The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.


Dated:    February 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7