UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LEMUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VISALIA POLICE DEPARTMENT and DOES #1-3,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00050-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS<br><br>14-DAY DEADLINE |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with this Court's order.

**I. FACTS AND BACKGROUND**

Plaintiff Lemus, proceeding pro se and *in forma pauperis* filed a civil complaint under 42 U.S.C. § 1983. (Doc. No. 1). The Complaint asserts that Plaintiff was falsely arrested on an unspecified date on charges of drug possession and driving without a license by officers of the Visalia Police Department. (*Id*. at 5). The Complaint states that Plaintiff was not read his Miranda rights and the arrest was used to wrongfully gain custody of Plaintiff's daughter, resulting in various injuries including emotional harm, loss of property, lost wages, and trauma. (*Id*.).

On February 27, 2024, the undersigned screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state a cognizable claim. (Doc. No. 4). Before

recommending dismissal of this action, the Court afforded Plaintiff three options to exercise within 21 days of February 27, 2024: (1) file an amended complaint, (2) file a Notice indicating he wishes to stand on his Complaint subject to the undersigned recommending the district court dismiss the case; or (3) voluntarily dismiss the action without prejudice.  (*Id*. at 6-7).  The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order, *i.e*., fails to elect and notify the Court of any of the three options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.  (*Id*. at 6-7).  The deadline to respond has lapsed and Plaintiff has not elected any of the three options or otherwise moved for an extension of time.[1]  (*See generally* docket).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal)

---

[1] Plaintiff is not incarcerated and not entitled to the mailbox rule. Nonetheless, the undersigned afforded Plaintiff sufficient time for mailing either an amended complaint or notice in response to the February 27, 2024 Screening Order.

2

(emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III. ANALYSIS

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the

3

disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmation of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, as set forth in the February 27, 2024 Screening Order, the Court already determined that the Complaint was not meritorious, so this factor does not weigh in favor of the Plaintiff.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's February 27, 2024, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 4 at 6-7). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or comply with the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

4

1 Findings and Recommendations." Parties are advised that failure to file objections within the
2 specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
3 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: March 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE