UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LEMUS,<br><br>  Plaintiff,<br><br>  v.<br><br>VISALIA POLICE DEPARTMENT et al.,<br><br>  Defendants. | Case No. 1:24-cv-00050-JLT-HBK<br><br>AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 10)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First Amended Complaint. (Doc. No. 10, "FAC"). Plaintiff, who is proceeding pro se, was granted leave to proceed *in forma pauperis* in this action. (Doc. No. 3). For the reasons set forth below, the undersigned recommends the district court dismiss the FAC because it fails to state any cognizable federal claim.[2]

**SCREENING REQUIREMENT**

A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. §

---

[1] These Amended Findings and Recommendation supersede the undersigned's Findings and Recommendations issued on March 26, 2024. (Doc. No. 5).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1983; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978). Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii). However, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Because Plaintiff is pro se, the Court liberally construes the pleading in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

////

////

2

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). On February 27, 2024, the undersigned screened Plaintiff's complaint and found that it failed to state any cognizable constitutional claim. (*See* Doc. No. 4). The Court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file an amended complaint. (*Id.*). After Plaintiff failed to respond to the Court's screening order, the undersigned issued a Findings and Recommendations to dismiss Plaintiff's case for failure to prosecute and comply with court orders. (Doc. No. 5). In response, Plaintiff filed a Motion for Extension of Time, and the Court afforded Plaintiff another opportunity to file an amended complaint. (Doc. Nos. 6, 7). Plaintiff subsequently filed a First Amended Complaint. (Doc. No. 10).

The events in the FAC took place in Visalia, California. (*See generally id.*). The FAC names as Defendants the Visalia Police Department and Does 1-5. (*Id.* at 1). The FAC alleges violations of Plaintiff's Fourth, Fifth, Sixth, Seventh and Eighth Amendment rights. (*See id.* at 4-5). The following facts are presumed to be true at this stage of the screening process.

On October 6, 2022, unspecified members of the Visalia Police Department ("VPD") approached Plaintiff's "vehicle . . . person and [his] daughter without just cause." (*Id.* at 1). Plaintiff was detained and his daughter was placed into the custody and care of Child Welfare Services ("CWS"). (*Id.*). The VPD "alleged that [Plaintiff] was under surveillance, and . . . had been seen participating in activities consistent with Drug Dealing." (*Id.* at 2). VPD reported to Child Welfare Services that Plaintiff was under the influence, in the presence of narcotics, and exposing his minor daughter to drug activities. VPD towed Plaintiff's vehicle and placed him under arrest without his *Miranda* rights being read. (*Id.*).

Plaintiff's case was scheduled for a criminal trial but the officers "did not show up nor release or present any information [or] evidence that collaborated [sic] their statements." (*Id.*). No drugs were located in Plaintiff's vehicle or on his person. (*Id.*). Plaintiff was "held against [his] will, lost [his] vehicle, lost [his] daughter, [was] falsely incarcerated, and exposed to unnecessary duress and confinement, loss of wages and forced to complete programs and obtain

certifications of and for parenting and rehabilitation that were not justifiable." (*Id*.). Further, Plaintiff contends his daughter "was exposed and sustained intentional mental and emotional duress" because of the "misleading, incorrect and fabricated statements of the department and officers involved in the arrest." (*Id*. at 2-3). Plaintiff asserts the officers involved "had previously made their dislike about [him] known and harassed [him] by executing multiple traffic violations prior to this arrest date." (*Id*. at 3). The FAC does not specify what, if any, relief Plaintiff seeks.

## APPLICABLE LAW AND ANALYSIS

### A. No Causal Connection as to Doe Defendants

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); P*ark v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012).

The FAC does not identify any person by name but instead names only Does 1-5. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). "Situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint," in which case"[a] plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights. If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants." *Finefeuiaki v. Maui Police Dep't*, 2018 WL 4839001, at *3 (D. Haw. Oct. 4, 2018) (citing *Wakefield v. Thompson*, 177 F.3d

4

1160, 1163 (9th Cir. 1999)).

Here, the FAC is devoid of any factual allegations explaining how any of the Doe Defendants were involved in the deprivation of Plaintiff's constitutional rights other than generally claiming that Plaintiff was falsely arrested. Moreover, the FAC refers only to the "Visalia Police Department" but does not specify what action any individual took who was involved in his arrest. Because the FAC fails to allege sufficient facts to show how each doe defendant individually violated Plaintiff's constitutional rights, the FAC fails to state a claim against any of the Doe Defendants.

### B.  No Facts to Support False Arrest Claim

The Fourth Amendment to the United States Constitution confers the right to protection from arrest without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). To state a claim for false arrest under § 1983, a plaintiff must show that he was arrested without probable cause or other justification. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause exists if, at the time of the arrest, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime. *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

Here, the FAC states that officers from the VPD told Plaintiff he was under surveillance and "had been seen participating in activities consistent with Drug Dealing." (*Id*. at 1). Thus, the FAC itself contradicts Plaintiff's assertion that VPD had no probable cause to believe he was engaged in criminal activity. Even though Plaintiff asserts that no drugs were ultimately found in his vehicle or on his person, under the Fourth Amendment, government officials who have a reasonable but mistaken belief as to the facts in support of probable cause are not in violation of the Constitution. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (stating that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable."). Assuming *arguendo* that VPD officers were mistaken as to the facts underlying their

probable cause for Plaintiff's arrest, the FAC contains no facts supporting an inference that their belief was unreasonable. Thus, the FAC fails to state a cognizable Fourth Amendment claim against any Defendants.

### C. Fifth Amendment Claim

Plaintiff asserts a Fifth Amendment due process claim for "deprivation of property" based on the seizure of his vehicle after his arrest "before any actual evidence was present to support any alleged criminal activity." (Doc. No. 10 at 4). It is unclear whether Plaintiff's vehicle when seized was impounded, and if so, for how long.

To the extent Plaintiff claims his personal property was illegally taken under the takings clause of Fifth Amendment, such an action is barred because California provides adequate post-deprivation remedies through the Government Claims Act to satisfy the due process clause. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (holding that California has an adequate post-deprivation remedy through the Government Claims Act process.). Accordingly, Plaintiff cannot state a Fifth Amendment Due Process Claim based on the taking of his property.

Alternatively, an impoundment of a vehicle is deemed a seizure under the Fourth Amendment. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996) (holding that "when seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well."). As noted above, the FAC does not support the claim that VPD lacked probable cause to arrest Plaintiff. Rather, Plaintiff was under suspicion of dealing drugs and VPD alleged he had been observed engaging in drug-related activity. For the same reason, VPD had probable cause to seize Plaintiff's vehicle, which was suspected of containing drug contraband. *See Sanders*, 93 F.3d at 1431. Therefore, the FAC fails to set forth a claim under either the Fourth or Fifth Amendment based on the seizure of his property after his arrest.

Plaintiff suggests that his arrest was unlawful because there was no "actual evidence . . . to support any alleged criminal activity." (Doc. No. 10 at 4). However, as discussed above, the standard for determining whether an arrest is legal is probable cause. So long as the totality of the circumstances known to the arresting officers would lead a prudent person to believe Plaintiff had committed a crime, their arrest of him was lawful. *Blankenhorn*, 485 F.3d at 471–72. In this case, the allegations in the FAC supports such a finding. VPD officers had probable cause to arrest Plaintiff based on their observations of his alleged criminal activities, which they asserted were consistent with drug dealing. Because the FAC is devoid of facts indicating the officers lacked probable cause, the FAC fails to allege a Fourth Amendment violation and consequently fails to allege a Fourth Amendment claim concerning the seizure of Plaintiff's vehicle.

**D.  No Miranda Claim Available**

The FAC alleges that Plaintiff was arrested without being read his *Miranda* rights.[3] (Doc. No. 10 at 2). A cause of action alleging a Fifth Amendment violation predicated upon an officer's failure to question a person in custody without first providing *Miranda* warnings is not a cognizable action under § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003) (Justice Thomas, joined by the Chief Justice and Justices O'Connor and Scalia) ("Chavez's failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action"); *Id*. at 789 (Justice Kennedy, joined by Justice Stevens) ("[F]ailure to give a *Miranda* warning does not, without more, establish a completed violation when the unwarned interrogation ensues."). Thus, Plaintiff cannot advance a § 1983 claim based on the VPD officers' alleged failure to read him his *Miranda* rights.

**D. Interference With Child Custody**

"Parents and children have a well-elaborated constitutional right to live together without governmental interference . . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." *Wallis v. Spencer*, 202 F.3d 1126, 1136

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

7

(9th Cir. 2000).  While a parent has a "fundamental liberty interest" in companionship with his or her child, for the government's removal of a child "[t]o amount to a violation of substantive due process, . . . the harmful conduct must 'shock [ ] the conscience' or 'offend the community's sense of fair play and decency.'"  *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952)).  The FAC falls far short of articulating facts to support this showing, only asserting that his daughter was temporarily placed in the custody of Child Welfare Services after his arrest, which was supported by probable cause.  There are no facts establishing separation of Plaintiff from his child in circumstances that "shock the conscience" or "offend the community's sense of fair play and decency."  *Rosenbaum*, 663 F.3d at 1079.  Rather, the facts indicate that Plaintiff's daughter was placed with CWS after Plaintiff was arrested and under investigation for drug-related crimes.  While Plaintiff questions the motives of VPD officers, the FAC is devoid of facts from which the Court can infer outrageous conduct on the officers' part in placing Plaintiff's daughter in temporary custody of CWS.

**E.  Sixth Amendment Claim Confrontation Clause Claim**

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. Am. VI.  The Supreme Court held in *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004), that this provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."

The FAC asserts that Plaintiff suffered a Sixth Amendment violation because the officers who arrested Plaintiff "did not show up nor release or present any information [or] evidence that collaborated [sic] their statements." (Doc. No. 10 at 2).  It is unclear from the FAC what transpired in Plaintiff's criminal case.  Critically, though, the FAC appears to indicate that no criminal trial occurred,[4] thus Plaintiff's confrontation clause rights were never implicated in his

---

[4] Notably, the FAC asserts that Plaintiff was "denied the right to a jury trial as the defendants ignored the need to be present."

criminal prosecution. (*See id*.). The mere fact that the VPD officers did not "show up" or "present any information" in any of Plaintiff's court appearances does not by itself establish a Sixth Amendment violation. Because the FAC contains no allegation that the officers' out of court statements were used against Plaintiff at trial, it fails to allege a cognizable Sixth Amendment violation.

### F. Seventh Amendment Claim

The Seventh Amendment to the Constitution provides that in "(s)uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." *Ross v. Bernhard*, 396 U.S. 531, 531 (1970). It is well-settled that the Seventh Amendment applies only in civil cases and does not apply to criminal prosecutions. *See In re U. S. Fin. Sec. Litig*., 609 F.2d 411, 426 n. 53 (9th Cir. 1979) ("The Supreme Court has used a functional approach in determining the right to a jury trial in criminal cases; however, that right is secured by the Sixth rather than the Seventh Amendment.").

Plaintiff here asserts a Seventh Amendment claim because he was "denied the right to a jury trial as the defendants ignored the need to be present." (Doc. No. 10 at 4). Liberally construed, Plaintiff asserts a Sixth Amendment, not Seventh Amendment, claim based on the fact that his case did not proceed to a jury trial. However, the FAC contains insufficient facts to establish a Sixth Amendment claim. The FAC does not articulate how Plaintiff's case was resolved, whether it was done by bench trial, through a plea, or some other disposition, nor whether such disposition was reached without Plaintiff's consent.[5] While "[a] criminal defendants' right to a jury trial is fundamental" *Duncan v. Louisiana*, 391 U.S. 145 (1968), a defendant may waive this right if certain requirements are met—for example to enter into a plea agreement or to proceed via bench trial. *See Fla. v. Nixon*, 543 U.S. 175, 187 (2004) (noting that "[b]y entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to

---

[5] Plaintiff acknowledges that he was "forced to complete programs and obtain certifications of and for parenting and rehabilitation that were not justifiable," suggesting a possible court involved resolution of his case.

confront one's accusers."); s*ee also U.S. v. Cochran*, 770 F.2d 850, 851 (9th Cir. 1985) (upholding a conviction resulting from a bench trial, even though judge did not establish on the record that criminal defendant's waiver of his Sixth Amendment right was voluntary, knowing and intelligent.). Beyond stating that his case did not proceed to a jury trial, Plaintiff fails to allege facts indicating that he was unlawfully *denied* his right to a jury trial. Accordingly, the undersigned finds the FAC fails to allege a cognizable Sixth Amendment claim.

### G. Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment prohibits imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).

Here, Plaintiff does not allege facts that would provide him with relief under an Eighth Amendment claim. He has neither alleged nor established facts that show he was convicted of a crime prior to the alleged events. Thus, he has no basis to bring an Eighth Amendment claim for Cruel and Unusual Punishment.

### H. Fourteenth Amendment Cruel and Unusual Punishment

Rather, liberally construed, Plaintiff alleges a Fourteenth Amendment claim based on his allegation that he "was exposed to cruel and unusual punishment by having officers that I am supposed to trust, lie against by [sic] person, steal my property, seize my daughter and keep her from me for years, not present evidence against me, and keep me confined." (Doc. No. 10 at 4-5). Unlike inmates who have been convicted, a pretrial detainee may proceed under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction). Under both clauses, the plaintiff must show that the prison officials acted with "deliberate indifference."

The FAC does not allege that Plaintiff suffered any constitutional injuries while in

custody. Plaintiff does not state how long he was in custody before he was released. Instead, Plaintiff merely repeats the same allegations raised in connection with his Fourth, Fifth, and Sixth Amendment claims—that his rights were violated because he was falsely arrested, his property was seized, he lost custody of his daughter, and the officers who arrested him failed to appear in court. Because it is uncontroverted that these violations do not arise from Plaintiff's pretrial detention, they do not establish a Fourteenth Amendment claim for cruel and unusual punishment. Nor does the mere fact that Plaintiff was arrested or confined, without more, give rise to such a claim. As discussed above, the FAC fails to establish a Fourth Amendment claim for false arrest, and for the same reason, the FAC's construed Fourteenth Amendment claim based on Plaintiff's pretrial confinement also fails.

### I. No Showing of Custom or Policy

Finally, in addition to the Doe Defendants, Plaintiff names Visalia Police Department as a Defendant. Municipalities and police departments "may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Jessen v. Cnty. of Fresno*, 808 F. App'x 432, 434–35 (9th Cir. 2020) (citing *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The FAC here contains no such allegations to state a claim against the Visalia Police Department.

### CONCLUSION AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's First Amended Complaint fails to state any cognizable claim. The FAC suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint. Plaintiff reasserted many of the same claims that were asserted in his Complaint, including his claims of false arrest, violation of due process, and deprivation of property. Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above. A plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead." *Zucco Partners, LLC v.*

*Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted).  Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend.  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

ACCORDINGLY, it is hereby **RECOMMENDED**:

The First Amended Complaint (Doc. No. 10) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

## NOTICE TO PARTIES

These Amended Findings and Recommendations, which supersede the Findings and Recommendations issued on March 26, 2024, will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Amended Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Amended Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:  June 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE