# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LEMUS,<br><br>         Plaintiff,<br><br>   v.<br><br>VISALIA POLICE DEPT., DOES 1-5,<br><br>         Defendants. | Case No.  1:24-cv-00050 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 11) |

Ignacio Lemus proceeds pro se and *in forma pauperis* on his first amended complaint in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. 10.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 26, 2024, the assigned Magistrate Judge issued a Findings and Recommendations to dismiss Plaintiff's FAC for failure to state a claim. (*See* Doc. 11.) Plaintiff timely filed objections. (Doc. 12.) According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff contends that dismissing his case before "[his] day in court is a violation of [his] due process." (Doc. 12 at 1.)  However, it is well-settled that when a litigant proceeds *in forma pauperis*, a federal court <u>must</u> screen the complaint and dismiss the action "at any time" if the court determines the action fails to state a claim or seeks monetary relief against a defendant who

is immune from such relief. *See* 28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that screening provisions of 28 U.S.C. 1915 apply to "all persons applying for IFP status, and not just prisoners.") Thus, dismissal of Plaintiff's case is proper without any further court proceedings if, upon screening, the magistrate judge determines that it fails to state a claim.

Plaintiff asserts that the investigation which Visalia Police Department officers cited as providing probable cause to arrest him and seize his vehicle was "fabricated." (Doc. No. 12 at 2.) Though the Court must accept as true the facts alleged in a complaint, it need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Here, the Court rejects Plaintiff's conclusory allegation that VPD fabricated its investigation of Plaintiff, which is unsupported by any facts beyond Plaintiff's speculation. Plaintiff does not otherwise articulate a basis to reject the Magistrate Judge's well-reasoned conclusion that Plaintiff's FAC failed to state any cognizable constitutional claim. Thus, the Court ORDERS:

1. The Findings and Recommendations, filed on June 26, 2024, (Doc. 11), are **ADOPTED** in full.
2. Plaintiff's First Amended Complaint (Doc. 10) is **DISMISSED** without leave to amend.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 23, 2024**

UNITED STATES DISTRICT JUDGE